On Application for Rehearing
PER CURIAM.
In application for a rehearing defendant complains, among other things, that this Court erred in its reason for refusing to consider paving costs as an element of damage, pointing out that the instant case is not covered by the rule cited in 29 C.J.S. Eminent Domain § 145, p. 991, because the Court admits that the contemplated improvement would not enhance the market value of defendant’s property. Defendant may be correct in urging the inapplicability of the quoted rule to the case at bar. However, our refusal to consider the paving costs as damages is nevertheless proper, since the Constitution and statutes of this state provide that municipalities, in constructing or improving streets situated within its limits, can levy an assessment on the real property abutting the improvement as a means of paying for it, without any regard being given to the benefit or detriment which the contemplated improvement will cause the property. La.Const. of 1921, Art. 1, Sec. 2; Art. 10, Sec. 13; R.S. 33:3301. The fact that part of the street improvement is to be situated on land expropriated from defendant does not put him in any better position to receive a return of his assessment *510 than a landowner whose land merely abuts the improvement without any of it having been taken.
The application for a rehearing is refused.